UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARINA BAY TOWERS URBAN       :
RENEWAL II, L.P.,             :
                              :   Civil A. No. 09-369(NLH)(KMW)
                              :
        Plaintiff,            :
                              :
    v.                        :   **OPINION**
                              :
CITY OF NORTH WILDWOOD,       :
                              :
                              :
        Defendant.            :

**APPEARANCES:**

Timothy J. O'Neill, Esq.
Windels, Marx Lane & Mittendorf, LLP
104 Carnegie Center
Suite 201
Princeton, NJ 08540
    *Attorney for plaintiff*

James R. Birchmeier, Esq.
Powell, Birchmeier & Powell, Esqs.
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582
    *Attorney for defendant*

**HILLMAN**, District Judge

    Now before the Court are plaintiff's two motions to remand this breach of contract and civil rights matter to state court. For the reasons expressed below, plaintiff's first motion will be denied without prejudice, and plaintiff's second motion will be continued for 30 days pending supplemental briefing.

BACKGROUND

    Plaintiff, Marina Bay Towers Urban Renewal II, L.P. ("Marina Bay II"), filed a complaint against defendant, City of North

Wildwood (the "City") in New Jersey state court, claiming that the City breached an agreement concerning the development of low income housing. Specifically, plaintiff, by assignment, had an agreement with the City to develop senior citizen housing pursuant to New Jersey's Long Term Tax Exemption Law, N.J.S.A. 40A:20-1 et seq., whereby in lieu of real property taxes, plaintiff was to pay "an annual service charge for municipal services equal to 7% of the per annum gross revenue actually collected as rents on senior units." Plaintiff claims that the City has breached this agreement by treating the service charge as real property tax despite the agreement's explicit exemption from taxes. Plaintiff also claims that the City's actions concerning the agreement violated its substantive due process and equal protection rights.

After some not-insubstantial proceedings in the state court[1], the City removed plaintiff's case to this Court pursuant

---

[1]Plaintiff filed its complaint in the Superior Court of New Jersey, Cape May County, on December 9, 2008. At the same time, plaintiff filed a motion for an order to show cause with temporary restraints. Plaintiff sought to prohibit the City from conducting a tax sale. On December 18, 2008, the state court judge heard plaintiff's motion for injunctive relief. Counsel for the City, who is different counsel from counsel appearing on behalf of the City here, appeared to oppose plaintiff's motion. The state court judge denied plaintiff's motion. On December 29, 2008, the City retained its present counsel as to Counts Four and Five in plaintiff's complaint. On January 15, 2009, that counsel filed an answer in state court as to Counts Four and Five only. On January 19, 2009, counsel for the City as to Counts One, Two and Three, who appeared at the injunction hearing, filed an answer as to all counts as well as asserted three counterclaims.

2

to federal question jurisdiction, 28 U.S.C. § 1331, with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for plaintiff's state law claims. Plaintiff has moved to remand its case to state court, arguing that (1) the City's removal was untimely, and (2) the forum selection clause in the agreement mandates that New Jersey state court is the forum to hear any claims arising out of the agreement.[2] The City counters that it timely filed its notice of removal. It also argues that the forum selection clause was not intended to bar its right to have federal civil rights claims heard in federal court.

## **DISCUSSION**

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441. Section 1441 is to be strictly construed against removal. Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). This policy "'has

---

On January 27, 2009, current counsel removed plaintiff's case to this Court. It does not appear to this Court that the defendants have ever seriously contested the jurisdiction of the state court to hear this dispute and may have indeed submitted themselves to that jurisdiction. See infra note 3.

[2]Plaintiff filed two separate motions for remand asserting these bases for remand individually. Plaintiff argues that the Court should disregard the City's opposition to its second motion because it was filed four days late. Even though the Local Rules permit a court to reject briefs not filed within the time specified, L. Civ. R. 7.1(d)(7), because of the significance of the issues raised in the City's opposition, the Court will consider it.

always been rigorously enforced by the courts.'"  Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  Parties may not confer subject matter jurisdiction by consent, Samuel-Bassett, 357 F.3d at 396, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded," 28 U.S.C. § 1447(c).

Plaintiff asserts two bases for remand: (1) untimely filing of the notice of removal, and (2) the forum selection clause in the parties' agreement.  With regard to the time to file a notice of removal, 28 U.S.C. § 1446(b) provides that a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  Plaintiff contends that the City did not file its notice of removal within the 30-day window because it hand delivered copies of the complaint to the City's counsel on December 9, 2008, thus causing the 30-day time limit to expire on January 8, 2009, and the City did not file its notice of removal until January 27, 2009.  The 30-day window does not begin, however, when a defendant's attorney simply receives a courtesy copy.  See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (finding that the 30-day window does not begin until formal service is effected onto defendant, or until there is a waiver of service); Tucci v. Hartford Financial

4

Services Group, Inc., 600 F. Supp. 2d 630, 634-35 (D.N.J. 2009) (discussing Murphy). The City states, and plaintiff does not contest, that when it filed its notice of removal, the complaint had not yet been formally served onto the City.[3] Consequently,

---

[3]The Court notes that in "the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999). Here, although it appears that plaintiff has never formally served the City, the City's appearance at the injunction hearing on December 18, 2008 may constitute a waiver of service under state law, and if so construed, the City's removal on January 27, 2009 may have been improper.

According to N.J. Ct. R. 4:4-6, "[a] general appearance . . . shall have the same effect as if the defendant had been properly served." As we noted, the City, represented by different counsel from counsel appearing before this Court, appeared at the preliminary injunction hearing in state court on December 18, 2008. On January 14, 2009, current counsel filed an answer to plaintiff's complaint in state court as to Counts Four and Five only, and that answer included affirmative defenses relating to service of process. However, subsequently, on January 19, 2009, the City's other counsel filed an answer as to all five counts and asserted counterclaims. The January 19, 2009 omnibus answer did not contain any affirmative defenses relating to service of process. The removal petition here seems to include a tacit admission that an issue may exist with regard to the timeliness of the removal. Removing counsel states somewhat cryptically that they were not retained until December 29, 2008, and concludes apparently on that basis alone that the petition is therefore timely. It is not counsel's awareness of a lawsuit, or the date it was retained, that is dispositive to the issue of a timely removal, but rather the defendant's acknowledgment of jurisdiction and of the claims against it - either involuntarily by formal service or voluntarily by waiver of service. See Murphy, 526 U.S. at 350. Thus, the Court notes a strong argument may exist that by entering a general appearance at the injunction hearing in state court on December 18, 2009, and not preserving any objections to service of process at that time, the City effectively waived service under state law and the 30-day window began on December 18, 2009. Indeed, the City's intention to

5

plaintiff's argument that the 30-day clock for removal began when the City's attorneys received a courtesy copy of the complaint cannot serve as a basis for remand.[4]

With regard to the forum selection clause, the agreement entered between the parties provides:

> 19. <u>Jurisdiction and Venue</u>.  The parties agree that all disputes arising under this Agreement shall be resolved in the Superior Court of New Jersey, Cape May County.

(Ex. A. to Verified Compl.)  Plaintiff argues that the City's removal of its case was improper because the parties contracted to resolve their disputes in the Superior Court of New Jersey,

---

submit to the jurisdiction of the state court was further apparent by its failure to include affirmative defenses (including service of process) in its omnibus superseding answer, and by asserting counterclaims therein.  The Court, however, will make no finding based on the waiver-of-service argument because plaintiff has not raised it as a basis for remand, and the City has not had the opportunity to object to that basis.

Relatedly, the Court notes that the City's removal papers contained only a copy of the answer filed by current counsel in state court as to Counts Four and Five, while plaintiff's certification in support of remand contained only a copy of the answer filed by the City's other counsel.  The entire case has been removed to this Court, and, accordingly, regardless of how the City is partitioning its legal representation, the parties have an obligation to provide the Court with a full and true picture of the procedural history of the case when removing it to this Court or contesting removal.  For purposes of this motion, we will assume for now that these omissions were unintentional.

[4]Plaintiff seeks attorney's fees and costs associated with its motion to remand on this basis.  Such fees are available pursuant to 28 U.S.C. § 1447(c), but an award of such fees, incurred as a result of removal, lies in the discretion of the court. <u>Mints v. Educational Testing Service</u>, 99 F.3d 1253, 1260 (3d Cir. 1996).  At this time, the Court does not find that plaintiff is entitled to fees and costs.

Cape May County.  The City contends that the forum selection clause was not intended to encompass federal civil rights claims, which the City also argues do not arise out of the agreement.  Plaintiff counters that its civil rights claims do arise out of a dispute with the agreement, and that the City's intent with regard to its interpretation of the scope of the forum selection clause is immaterial.

The Third Circuit has affirmed that a forum selection clause may waive a defendant's right to remove an action to federal court.[5]  Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1216 (3d Cir. 1991), cert. denied, 502 U.S. 908 (1991).  Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  Id. (quoting Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)).  A forum selection clause is "unreasonable" where the defendant can make a "strong showing," either that the forum selected is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court," or that the clause was procured through "fraud or overreaching."  Id.  Further, a "contractual choice-of-forum clause should be held unenforceable if

---

[5]The presence of a "forum selection clause does not oust a court of subject matter jurisdiction."  Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207, 1212 (3d Cir. 1991)(citation and quotations omitted).

enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Bremen, 407 U.S. at 15.

Here, the validity of the forum selection clause does not immediately turn on the City's intent or whether plaintiff's claims arise out of the agreement. Instead, the primary issue is whether the forum selection clause is a contravention of public policy as declared by statute. Although not specifically argued by the City as a basis against remand, in the certification of William J. Kaufman, Esq. in support of the City's opposition, Mr. Kaufman states that the forum selection clause, which was added by him to the agreement in lieu of an arbitration provision, may be invalid because the New Jersey Long Term Tax Exemption Act specifies that agreements under the Act must include an arbitration provision. (Def. Opp. Ex. 4, Cert. of William J. Kaufman, ¶¶ 8-9.)  Specifically, the Act provides,

> Every approved project shall be evidenced by a financial agreement between the municipality and the urban renewal entity. The agreement shall be prepared by the entity and submitted as a separate part of its application for project approval. . . .  The financial agreement shall be in the form of a contract requiring full performance within 30 years from the date of completion of the project, and shall include the following: . . .
> 
> f. That in the event of any dispute between the parties matters in controversy shall be resolved by arbitration in the manner provided in the financial agreement.

N.J.S.A. 40A:20-9.  Based on this provision, Mr. Kaufman opines

8

that any forum selection clause directing that disputes arising out of the agreement must be heard in a court of law, rather than through arbitration, is invalid pursuant to the Act.

In its reply, plaintiff notes that the City made a "passing allusion" to the validity of the forum selection clause on this basis. Plaintiff argues that this issue does not support a denial of remand, but instead constitutes a challenge to the validity of the agreement, which would cause the dispute to arise under the agreement, and therefore require its adjudication in state court.

Neither the City's off-hand challenge to the forum selection clause based on the Long Term Tax Exemption Act, and plaintiff's argument against that challenge, are sufficient to address what is a dispositive issue to not only plaintiff's motion to remand, but also to its ability to prosecute its case at all. The Court's analysis of this issue, in conjunction with the contemplation of the parties' arguments concerning the forum selection clause, raises two possible outcomes, both of which result in the case not being heard in this forum and neither of which have been fully briefed by the parties.

First, if the Court were to find that the forum selection clause is invalid because the parties are required by N.J.S.A.

9

40A:20-9(f) to arbitrate all their claims,[6] the Court must dismiss plaintiff's case, because neither this Court nor the state court is the appropriate forum.

Second, the Court would be required to remand the action if the Court were to find that the Act's arbitration requirement and the forum selection clause are not mutually exclusive.  Even if we assume that federal civil rights claims are not "matters in controversy" over the financial agreement and therefore not subject to arbitration, the forum of the state court to hear those civil rights claims would still be proper.  Despite the City's argument that it did not intend to waive its right to have federal civil rights claims heard in federal court, civil rights claims based on federal law can be brought and heard in state court.  Tafflin v. Levitt, 493 U.S. 455, 458-459 (1990) ("Under this system of dual sovereignty, we have consistently held that state courts have inherent authority . . . to adjudicate claims arising under the laws of the United States.").  Further, state courts are "presumptively competent" to hear such claims.  Id.  Therefore, even though the City would now prefer to have plaintiff's civil rights claims heard in federal court, its

---

[6] Federal civil rights claims can be subject to mandatory arbitration.  Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 35 (1991).

preference is not a "right," and if such disputes "arise under" the agreement, as they appear to do, the parties have contracted to hear those claims in state court.[7]

In short, at this stage there is very little to suggest that this Court is the proper venue to hear this case and may indeed lack jurisdiction. First, state law, which provides the impetus

---

[7]The Court also notes that even though the City removed plaintiff's complaint to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, for plaintiff's constitutional claims, with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for plaintiff's state law claims, plaintiff's complaint does not expressly assert a violation of the United States Constitution. Plaintiff's complaint simply asserts claims for "Substantive Due Process" (Count Four) and "Civil Rights" (Count Five), without reference to a constitutional or statutory provision. If plaintiff's claims were not based on federal law, the City's basis for removal was invalid because this Court has no subject matter jurisdiction over the matter. However, because plaintiff does not challenge the City's construction of plaintiff's claims as federal, and the face of plaintiff's complaint can be construed as asserting federal claims, the Court will not remand on that basis at this time. See Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000) ("If a federal question appears on the face of the plaintiff's complaint, the defendant may remove the case to federal court."). If it becomes clear that plaintiff was not asserting federal claims at the time of the removal, the Court would be required to remand plaintiff's case. CitiFinancial v. Gimbi, 183 Fed. Appx. 232, 233 (3d Cir. 2006) (citing Bromwell v. Michigan Mut. Ins. Co., 115 F.3d 208, 214 (3d Cir. 1997) ("[W]hen a federal court has no jurisdiction of a case removed from a state court, it must remand and not dismiss on the ground of futility.")); S. Freedman and Co., Inc. v. Raab, 180 Fed. Appx. 316, 320 (3d Cir. 2006) (citation omitted) (stating that the Court has an independent obligation to determine subject matter jurisdiction, and it is well-established that "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference"). Additionally, even if federal claims were asserted justifying the initial removal, a subsequent abandonment of those claims may also result in federal dismissal. See 28 U.S.C. § 1367.

11

and foundation for the agreement in the first instance, appears to require arbitration of disputes of this kind.  Second, to the extent any remaining claims are justiciable in court, the parties expressed a clear desire to, and in fact did, litigate such matters in state court.  Whether or not mutually exclusive, both fora - arbitration and state court - are competent to hear federal civil rights claims.

Consequently, the Court will deny without prejudice plaintiff's first motion to remand based on the timing of the City's notice of removal (and without prejudice to any other motion asserting a different basis for remand), but reserve decision on plaintiff's second motion pending supplemental briefing by the parties on how or whether N.J.S.A. 40A:20-9(f) affects the agreement's forum selection clause.  Following this briefing, the Court will determine whether plaintiff's complaint should be dismissed or remanded.

An appropriate Order will be entered.


Date: <u>July 14, 2009</u>                       <u>s/ Noel L. Hillman</u>
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.