**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MARINA BAY TOWERS URBAN       :
RENEWAL II, L.P.,             :
                             :    Civil A. No. 09-369(NLH)(KMW)
                             :
        Plaintiff,           :
                             :
     v.                      :    **OPINION**
                             :
CITY OF NORTH WILDWOOD,       :
                             :
                             :
        Defendant.           :

**APPEARANCES:**

Timothy J. O'Neill, Esq.
Windels, Marx Lane & Mittendorf, LLP
104 Carnegie Center
Suite 201
Princeton, NJ 08540
     *Attorney for plaintiff*

James R. Birchmeier, Esq.
Powell, Birchmeier & Powell, Esqs.
1891 State Highway 50
PO Box 582
Tuckahoe, NJ 08250-0582
     *Attorney for defendant*

**HILLMAN**, District Judge

     This matter has come before the Court on plaintiff's motion
to remand this breach of contract and civil rights matter to
state court, an issue that the Court previously addressed in its
July 14, 2009 Opinion.  In that Opinion, the parties were ordered
to file supplemental briefing with regard to how or whether New
Jersey's Long Term Tax Exemption Act, N.J.S.A. 40A:20-9(f),
affects the forum selection clause contained in the parties'
agreement.  The parties have briefed the issue, and for the

reasons expressed below, plaintiff's motion to remand will be granted, and the case will be returned to state court.

## BACKGROUND

The following background was set forth in the Court's prior Opinion, and is restated here for reference:  Plaintiff, Marina Bay Towers Urban Renewal II, L.P. ("Marina Bay II"), filed a complaint against defendant, City of North Wildwood (the "City") in New Jersey state court, claiming that the City breached an agreement concerning the development of low income housing. Specifically, plaintiff, by assignment, had an agreement with the City to develop senior citizen housing pursuant to New Jersey's Long Term Tax Exemption Act, N.J.S.A. 40A:20-1 et seq., whereby in lieu of real property taxes, plaintiff was to pay "an annual service charge for municipal services equal to 7% of the per annum gross revenue actually collected as rents on senior units." Plaintiff claims that the City has breached this agreement by treating the service charge as real property tax despite the agreement's explicit exemption from taxes.  Plaintiff also claims that the City's actions concerning the agreement violated its substantive due process and equal protection rights.  After some not-insubstantial proceedings in the state court, the City removed plaintiff's case to this Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, with supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for plaintiff's state

2

law claims.

Originally, plaintiff moved to remand its case to state court on two bases: (1) the City's removal was untimely, and (2) the forum selection clause in the agreement mandates that New Jersey state court is the forum to hear any claims arising out of the agreement.  The City countered that it timely filed its notice of removal, and it also argued that the forum selection clause was not intended to bar its right to have federal civil rights claims heard in federal court.

In the July 14, 2009 Opinion, the Court first addressed plaintiff's contention that the City did not remove the case in a timely fashion.  The Court concluded that plaintiff's argument that the 30-day clock for removal began when the City's attorneys received a courtesy copy of the complaint could not serve as a basis for remand.  The Court noted, however, that the City's appearance in the state court proceedings held prior to the case's removal raised a significant issue of whether the City's removal was improper because it waived service, and whether the City may have submitted itself to that jurisdiction.  (See July 14, 2009 Op. at 2-3 n.1.)

The Court then addressed an issue raised tangentially by the parties.  The agreement between the parties contains a forum selection clause, which provides, "The parties agree that all disputes arising under this Agreement shall be resolved in the

3

Superior Court of New Jersey, Cape May County." Plaintiff argued that its case should be remanded to state court on the basis of this forum selection clause, while the City argued that not only does the clause not apply to civil rights claims (as it argues that it did not waive its right to have civil rights claims lodged against it be heard in federal court), but also that it may be invalid because the New Jersey Long Term Tax Exemption Act specifies that agreements under the Act must include an arbitration provision. The Court rejected the City's contention regarding the appropriate forum for civil rights claims, stating that civil rights claims based on federal law can be brought and heard in state court, and that state courts are "presumptively competent" to hear such claims. (Op. at 10.) Neither party, however, briefed the issue of whether the clause was void because of the Act's arbitration requirement. As a result, the Court ordered the parties to submit supplemental briefing on the issue.

In its supplemental brief, the City argues that plaintiff's complaint should be dismissed because the forum selection clause is unenforceable due to the Act's requirement for arbitration. In its briefing, plaintiff argues that the forum selection clause is not in contravention of the Act, and, regardless of the forum selection clause, the City's removal was improper because its appearance at the order to show cause hearing in state court waived service, and, accordingly, its subsequent removal was

4

untimely.

The Court agrees with plaintiff in that Court finds that the City subjected itself to the jurisdiction of the state court, waived service, and untimely filed its removal.  The Court further finds that any issue concerning the forum selection clause--whether the appropriate forum is in a court or in arbitration--is a matter of state law that must be determined in that forum upon remand.

With regard to the City's improper removal, in the Court's prior Opinion, the Court set forth the procedural history of the case prior to the City's removal.  (Op. at 2-3 n.1.)  The Court also addressed in a lengthy footnote the issue of waiver of service.  (Op. at 5-6 n.3)  The Court, however, made no finding based on the waiver argument because plaintiff did not raise it as a basis for remand, and the City did not have the opportunity to object to that basis.  In its supplemental briefing, plaintiff has now raised the issue and briefed it.  The City, although afforded the opportunity to respond to plaintiff's briefing (see July 14, 2009 Order), has not objected.  Thus, for the reasons expressed in the Court's prior Opinion, which will be restated below for reference, the Court finds that the City's appearance at the December 18, 2008 state court hearing constituted a waiver of service under state law, thus causing the City's removal on January 27, 2009 to be untimely.  Murphy Bros., Inc. v. Michetti

5

Pipe Stringing, Inc., 526 U.S. 344, 354 (1999) (finding that the
30-day window does not begin until formal service is effected
onto defendant, or until there is a waiver of service); Tucci v.
Hartford Financial Services Group, Inc., 600 F. Supp. 2d 630,
634-35 (D.N.J. 2009) (discussing Murphy).  Consequently,
plaintiff's complaint shall be remanded to the Superior Court of
New Jersey, Cape May County.  See Samuel-Bassett v. KIA Motors
America, Inc., 357 F.3d 392, 396 (3d Cir. 2004) (citing Boyer v.
Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)) (stating
that removal of a case from state to federal court is governed by
28 U.S.C. § 1441, and that § 1441 is to be strictly construed
against removal).

The basis for the decision is as follows:

Plaintiff filed its complaint in the Superior
Court of New Jersey, Cape May County, on December 9,
2008.  At the same time, plaintiff filed a motion for
an order to show cause with temporary restraints.
Plaintiff sought to prohibit the City from conducting a
tax sale.  On December 18, 2008, the state court judge
heard plaintiff's motion for injunctive relief.
Counsel for the City, who is different counsel from
counsel appearing on behalf of the City here, appeared
to oppose plaintiff's motion.  The state court judge
denied plaintiff's motion.  On December 29, 2008, the
City retained its present counsel as to Counts Four and
Five in plaintiff's complaint.  On January 15, 2009,
that counsel filed an answer in state court as to
Counts Four and Five only.  On January 19, 2009,
counsel for the City as to Counts One, Two and Three,
who appeared at the injunction hearing, filed an answer
as to all counts as well as asserted three
counterclaims.  On January 27, 2009, current counsel
removed plaintiff's case to this Court.  It does not
appear to this Court that the defendants have ever
seriously contested the jurisdiction of the state court

to hear this dispute and may have indeed submitted
themselves to that jurisdiction.

(Op. at 2-3 n.1.)

The Court notes that in "the absence of service of
process (or waiver of service by the defendant), a
court ordinarily may not exercise power over a party
the complaint names as defendant." Murphy Bros., Inc.
v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350
(1999). Here, although it appears that plaintiff has
never formally served the City, the City's appearance
at the injunction hearing on December 18, 2008 may
constitute a waiver of service under state law, and if
so construed, the City's removal on January 27, 2009
may have been improper.

According to N.J. Ct. R. 4:4-6, "[a] general
appearance . . . shall have the same effect as if the
defendant had been properly served." As we noted, the
City, represented by different counsel from counsel
appearing before this Court, appeared at the
preliminary injunction hearing in state court on
December 18, 2008. On January 14, 2009, current
counsel filed an answer to plaintiff's complaint in
state court as to Counts Four and Five only, and that
answer included affirmative defenses relating to
service of process. However, subsequently, on January
19, 2009, the City's other counsel filed an answer as
to all five counts and asserted counterclaims. The
January 19, 2009 omnibus answer did not contain any
affirmative defenses relating to service of process.
The removal petition here seems to include a tacit
admission that an issue may exist with regard to the
timeliness of the removal. Removing counsel states
somewhat cryptically that they were not retained until
December 29, 2008, and concludes apparently on that
basis alone that the petition is therefore timely. It
is not counsel's awareness of a lawsuit, or the date it
was retained, that is dispositive to the issue of a
timely removal, but rather the defendant's
acknowledgment of jurisdiction and of the claims
against it - either involuntarily by formal service or
voluntarily by waiver of service. See Murphy, 526 U.S.
at 350. Thus, the Court notes a strong argument may
exist that by entering a general appearance at the
injunction hearing in state court on December 18, 2009,
and not preserving any objections to service of process

7

at that time, the City effectively waived service under
state law and the 30-day window began on December 18,
2009.  Indeed, the City's intention to submit to the
jurisdiction of the state court was further apparent by
its failure to include affirmative defenses (including
service of process) in its omnibus superseding answer,
and by asserting counterclaims therein. . . .

(Op. at 5-6 n.3)

One other issue raised in plaintiff's supplemental briefing
is its renewed request to be awarded attorneys' fees and costs
for the City's untimely removal.  In the Court's prior Opinion,
the Court noted that such fees are available pursuant to 28
U.S.C. § 1447(c), but an award of such fees, incurred as a result
of removal, lies in the discretion of the court, Mints v.
Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996),
and at that time, it did not find that plaintiff was entitled to
fees and costs.  (Op. at 6 n.4.)  Plaintiff's renewed application
is based on the City's continued improvident removal, as well as
its history of noncompliance with the magistrate judges'
discovery orders.  Although the Court notes that it appears that
the City has not been diligent in its obligations with regard to
discovery, and, as plaintiff argues, could evidence inappropriate
gamesmanship, that diliatoriness is more of an issue with regard
to sanctions for discovery violations, rather than as to whether
the City had a good faith basis for removing plaintiff's
complaint.  See Mints, 99 F.3d at 1260 (reiterating "that the
district court may require the payment of fees and costs by a

8

party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith"). Although the Court hopes that the City will proceed in accordance with the court rules and general good faith obligations, the complex issues raised here--dual representation of the City, proceedings in the state court prior to removal, waiver of service, the validity of a forum selection clause based on an abstruse area of New Jersey law--cause the imposition of sanctions in the form of reimbursement of plaintiff's attorneys' fees and costs to be unwarranted.  See id. (stating that "in some cases there are very difficult issues raised when a party removes a case filed in a state court to the district court and another party moves to remand," but affirming the imposition of fees in that case because the "case is not difficult as there was no colorable basis for the removal").  Accordingly, plaintiff's request for attorneys' fees and costs will be denied.

An appropriate Order will be entered.


Date: August 13, 2009                    s/ Noel L. Hillman

At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.